### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEE COREN and | : | |
| MICHAEL COREN w/h | : | CIVIL ACTION – LAW |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | NO. |
| WAL-MART STORES, INC. | : | |
| d/b/a WAL-MART | : | |
| WAL-MART STORES EAST, INC. | : | |
| d/b/a WAL-MART | : | |
| WAL-MART STORES EAST, LP | : | |
| d/b/a WAL-MART | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants, Walmart Stores East, Inc. d/b/a Walmart Stores Inc. d/b/a Walmart Stores East, LP (all more properly identified as Walmart Stores East, LP and hereinafter collectively referred to as "Walmart"), by and through their counsel, Law Offices of McDonnell & Associates, PC, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) remove this action from the Court of Common Pleas of Philadelphia County, April Term, 2022, No. 01350, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, Defendants aver as follows:

1. Plaintiffs, Sandee Coren and Michael Coren initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about April 18, 2022.  *See* a true and correct copy of Complaint hereto as Exhibit "A."

2. Specifically, Plaintiff Sandee Coren alleges that on or about July 26, 2020, she was a business invitee in a Walmart retail store premises located at 100 E. Street Road, Warminster, Pennsylvania, when she suffered injury by reason of "tripping due to the dangerous

and defective condition…more specifically, a raised, disfigured, and/or bunched up rug, mat, and/or runner on the floor located adjacent to the exterior doors." *See* Exhibit "A;" ¶ 13.

3. According to the Complaint, Plaintiff Sandee Coren, "immediately after tripping on the aforementioned rug, mat, and/or runner, [..] fell forward and crashed to the ground" and "as a direct result of the aforesaid incident, [sustained injuries]" *See* Exhibit "A;" ¶ 14-15.

4. As a result of her alleged fall, Plaintiff Sandee Coren alleges she sustained the following severe and permanent internal/external injuries:

> "Left shoulder adhesive capsulitis with impingement and split tear of the long head of the biceps tendon requiring multiple cortisone injections; aggravation of left shoulder partial rotator cuff tear atrophy, biceps tenosynovitis and joint effusion confirmed by MRI; left thumb contusion and strain requiring multiple cortisone injections to the CMC joint; cervical sprain and strain requiring a cortisone injection; impacted left distal radius fracture requiring the use of a brace, second and third left rib fractures confirmed by x-ray; left elbow sprain and strain; right wrist sprain and strain; left knee sprain and strain; right knee sprain and strain and a severe and permanent shock to her nervous system."

*See* Exhibit "A;" ¶ 15.

5. Against this factual backdrop, Plaintiff Sandee Coren alleges that Defendants "negligently, carelessly, and/or recklessly" caused Plaintiff's fall and resulting bodily injuries. *See* Exhibit "A" ¶19.

6. Plaintiff Michael Coren alleges a claim for loss of consortium. *See* Exhibit "A."

7. Plaintiffs seek damages in excess of $50,000, the most that can properly be alleged under Pennsylvania's Rules of Civil Procedure—indicating a major jury case, not a matter eligible for arbitration. *See* Exhibit "A" *ad damnum clause.*

8. Plaintiffs' Complaint was served on Defendants via Process Server on April 22, 2022. *See* Affidavit of Service attached as Exhibit "B."

9. The elements for federal jurisdiction—diversity of citizenship and amount in

controversy—are sufficiently ascertained from the Complaint; therefore, removal is proper under 28 U.S.C. § 1446(b)(1); *See also, Hiester v. Wal-Mart Stores East, LP*, 2:18-cv-04863-GAM (E.D. Pa. 2018) attached as Exhibit "C."

10. The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

11. Plaintiffs allege that they are citizens and residents of the Commonwealth of Pennsylvania, specifically residing at 9308 Centennial Station Drive, Warminster, PA 18974. *See* Exhibit "A;" ¶1.

12. Defendant Walmart is not a recognized legal entity.

13. Defendant Wal-Mart Stores East, LLC., formerly known as Wal-Mart Stores East, Inc., is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

14. Defendant Wal-Mart Stores, Inc., now known as Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

15. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

16. Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly owned operating entities as follows: Walmart Inc. (WMT) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE

Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly owned by a Delaware corporation (WMT).  For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

17. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

18. As set forth above, collectively, all Defendants are citizens of the States of Delaware and Arkansas.

19. None of the Defendants are citizens of the Commonwealth of Pennsylvania.

20. Accordingly, Plaintiff is diverse from the named Defendants and the requirements of diversity jurisdiction are satisfied.

21. Regarding the amount in controversy, taking the damages alleged in the Complaint in their entirety and the fact that Plaintiff certified that the case was not eligible for arbitration, this Court can conclude that the amount in controversy exceeds the jurisdictional limits under 28 U.S.C. §1332.

22. Specifically, Plaintiff's Complaint alleges that Plaintiff was caused to sustain serious and permanent personal injuries including, but not limited to, a fractured wrist, several fractured ribs, aggravation to a torn rotator cuff, sprains to the elbow and knees, and multiple cortisone injections for pain. *See* Exhibit "A" ¶15.

23. Plaintiff Sandee Coren alleges that she was forced to obtain medical treatment and incur various medical expenses which are ongoing and continuing. *See* Exhibit "A" ¶16.

24. Moreover, Plaintiff Sandee Coren further alleges that as a result of this incident, she has or may hereafter suffer an impairment of earning power and capacity. *Id.* at ¶16.

25. Plaintiff Michael Coren alleges that due to his wife's incident, he will suffer "deprivation of the society, assistance, and support of his wife, Sandee Coren, all of which has been and will continue to be to his great financial, physical, and psychological, and emotional damage and loss." *Id.* at ¶ 23.

26. In *Hiester*, *supra* the Honorable Gerald Austin McHugh of the United States Court for the Eastern District of Pennsylvania was faced with a similar situation in which Plaintiff alleged significant severe and permanent injuries. In remanding the case to state court, Judge McHugh held that where the difference between the state arbitration limit and the jurisdictional amount for removal was only $25,000, it was significant that the Plaintiffs had certified the case as one that should not go to arbitration. This was particularly true where the plaintiffs had alleged severe and permanent injuries disfigurement, ongoing medical treatment, the possibility of permanent injury, and continued severe disruption of plaintiff's ability to function for an indefinite period. *See Hiester, supra (*holding that based on Plaintiffs' claimed severe and permanent damages coupled with a certification that the case was should not go to arbitration, Defendants were on notice that the amount in controversy exceeded jurisdictional limits upon service of the Complaint). *See also, Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *2-3 (M.D. Pa. May 8, 2017) (remanding where complaint alleged that plaintiff had suffered "severe and painful injuries . . . will continue to suffer great pain and agony [in the future] . . . and will continue to spend various sums of money for medical care and attention" in the future); *Peters v. Stop & Shop*, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding where complaint alleged "severe, permanent disabling injuries, serious disfigurement . . . great

pain and suffering" and ongoing "extensive medical treatment.").

27. Here, the language contained in Plaintiffs' Complaint, like the plaintiffs in *Hiester,* is sufficiently clear to establish that the amount in controversy exceeds the jurisdictional minimum.

28. This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint on April 22, 2022. *See,* Exhibit "B."

29. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

30. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

31. Defendants have a good faith belief, and therefore submit that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

32. Based on the foregoing, including Plaintiffs' allegations of a fractured wrist and ribs, and other detailed severe permanent injuries and Plaintiffs' certification that this matter should not go to arbitration, the preponderance of the evidence establishes that the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

33. This Notice of Removal is timely as it is being filed within thirty days of service of the Complaint, in which the alleged damages are made.

**WHEREFORE**, Defendants, Walmart, Walmart Stores East, Inc. d/b/a Walmart Stores Inc. d/b/a Walmart Stores East, LP, respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

                                              **MCDONNELL & ASSOCIATES, PC**

Date: May 12, 2022                            */s/ Sonam J. Vachhani*

                                              Patrick J. McDonnell, Esquire
                                              Attorney I.D. No. 62310
                                              Sonam J. Vachhani, Esquire
                                              Attorney I.D. No. 323642
                                              svachhani@mcda-law.com
                                              Metropolitan Business Center
                                              860 1st Avenue, Suite 5B
                                              King of Prussia, PA  19406
                                              (T) 610.337.2087 (F) 610.337.2575
                                              *Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEE COREN and | : | |
| MICHAEL COREN w/h | : | CIVIL ACTION – LAW |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | NO. |
| WAL-MART STORES, INC. | : | |
| d/b/a WAL-MART | : | |
| WAL-MART STORES EAST, INC. | : | |
| d/b/a WAL-MART | : | |
| WAL-MART STORES EAST, LP | : | |
| d/b/a WAL-MART | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Sonam J. Vachhani, Esquire hereby certify that on May 12, 2022 a true and correct copy Defendants' Notice of Removal was served via email upon the following:

**HOFFMAN, STERNBERG, KARPF & LYNCH**
Michael J. Sternberg, Esquire
737 Second Street Pike
Southampton, PA 18966
*Attorney for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated:  May 12, 2022    By:   */s/ Sonam J. Vachhani*
Sonam J. Vachhani, Esquire
Attorney I.D. No. 323642
*Attorney for Wal-Mart Defendants*